## N. Y. SUPERIOR COURT.

HANNAH M. NOE, administratrix of ISAAC D. HAMMOND, deceased, agt. JOHN S. CHRISTIE.

An *execution* against the person of the judgment debtor, can be issued only to a county within the jurisdiction of the court, after the return of an execution against his property returned unsatisfied in whole or in part (*Code*, § 288).

The defendant in this case being in the custody of the sheriff of the city and county of New York, under and by virtue of an execution issued against his person, upon a judgment of this court, plaintiff had no right to issue subsequently upon the same judgment, another execution against defendant's person to the sheriff of Richmond county.

The arrest under the first execution, was a satisfaction of the judgment while the imprisonment continued; and the issuance of the second was in direct violation of the provisions of the Revised Statutes (2 *R. S.*, 364, § 7; 3 *id.*, 5th ed., 643, § 7).

While the defendant was under arrest under the aforesaid execution, another execution against his person, was issued to the county of Richmond where he resided, upon another judgment against him in this court.

*Held*, that both executions be set aside, with costs.

*At Special Term, January 3, 1874.*

MOTION to vacate two executions issued against the defendant's person to the sheriff of the county of Richmond.

E. J. PATTISON, *for the motion.*
H. T. MURSTON, *opposed.*

FREEDMAN, *J.*—An execution against property may be issued to the sheriff of any county where the judgment is docketed, and several such executions may be issued at the same time to different counties (*Code*, § 287).

Noe agt. Christie.

But by the terms of section 288, an execution against the person of the judgment debtor, can be issued only to a county within the jurisdiction of the court, after the return of an execution against his property unsatisfied, in whole or in part.

The defendant being in the custody of the sheriff of the city and county of New York, under and by virtue of an execution issued against his person upon the judgment for $1,896.13, plaintiff had no right to issue subsequently upon the same judgment, another execution against defendant's person, to the sheriff of Richmond county. The arrest under the first of these executions, is a satisfaction of the judgment while the imprisonment continues; and the issuance of the second was in direct violation of the provisions of the Revised Statutes (2 *R. S.*, 364, § 7; 3 *R. S.*, *5th ed.*, 643, § 7).

The execution against defendant's person issued to the sheriff of Richmond county upon the judgment for $124.18, was, perhaps, properly issued, provided the action is one in which the jurisdiction of this court does not depend upon the personal service of the summons upon the defendant within the territorial limits of the city and county of New York (*See Landers* agt. *Staten Island R. R. Co.*, 14 *Abb.* [*N. S.*], 346), and provided an execution against the property of the defendant was first duly issued to said sheriff, and by him returned unsatisfied. Neither of these facts was made to appear or was claimed to exist, although it did appear that defendant at the time of his arrest in New York under the execution first above referred to, was a resident of the county of Richmond. For this reason the execution for $124.18 must also be set aside.

Motion granted and executions set aside with ten dollars costs.